**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 96-2578

Nick G. Detrick,                    *
                                    *
            Appellant,              *
                                    *  Appeal   from   the   United
States
    v.                              *  District Court for the
                                    *  Northern District of Iowa.
John J. Callahan,[1] Acting         *
Commissioner of Social              *
Security,                           *
                                    *
            Appellee.               *

Submitted:  February 10, 1997

Filed:          May 29, 1997

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

On January 30, 1986, Nick G. Detrick applied for both social security disability benefits and supplemental security income (SSI).  He alleged disability beginning in

---

[1]John J. Callahan was appointed to serve as Acting Commissioner of Social Security effective March 1, 1997.  Therefore, the court has substituted John J. Callahan for Shirley S. Chater pursuant to Fed. R. App. P. 43(c).

November 1985 due to inflammation and infection of the left knee and recurrent episodes of a collapsed right lung. After long and tortuous administrative and court proceedings, Detrick was denied all but interim disability benefits, which were paid pursuant to district court order from January 1993 through May 14, 1996.

In this appeal from the most recent ruling of the Secretary, Detrick raises a number of procedural issues, none of which have merit in our judgment. He also claims that substantial evidence on the record as a whole does not support the Secretary's denial of either disability or SSI.

Detrick must prove that he was eligible for disability benefits before December 31, 1986 because his insured status expired on that date. In contrast, he is still eligible for SSI benefits if he was disabled after that date. We hold that there is substantial evidence on the record as a whole to support the finding of the Administrative Law Judge (ALJ) that Detrick was not disabled during this period because of the extent of his earnings before December 31, 1986.[2] Therefore, we affirm

[2]In contrast, substantial evidence on the record as a whole does not support the Secretary's view that Detrick's post-1986 earnings precluded him from receiving SSI benefits. He continued to live with his parents on their six-acre farm, and they provided him with room and board, gave him spending money, and occasionally paid him for work that he did around the farm. Although accepting food and shelter in another's household without contributing to expenses can trigger a one-third reduction in the level of benefits, it is not a basis for denying SSI benefits. See 42 U.S.C. § 1382(a)(2)(A) (defining unearned income); 20 C.F.R. § 416.1131(a) (one-third reduction rule). Detrick also had some income from the sale of a few calves or cows that he raised. The record does not reveal his net income from these sales. Thus, under 20 C.F.R. §

the decision that Detrick is not eligible for disability benefits.

---

416.75(c), the gross income from these sales cannot be considered substantial income and serve to disqualify Detrick from receiving SSI benefits.

The more difficult question is whether substantial evidence on the record as a whole supports the ALJ's decision that Detrick did not qualify for SSI after December 31, 1986. The ALJ found that although Detrick could no longer perform his work as a farm laborer, he could do certain light work if he were not exposed to dust, fumes, gas, or vapors and if he could keep his left leg extended or place it on a stool. Based on the testimony of a vocational expert, the ALJ found that Detrick could work as a ticket seller, cashier, information clerk, assembler, or addresser. The Secretary must prove by substantial evidence that Detrick can perform any work on a sustained basis "in the sometimes competitive and stressful conditions in which people work in the real world." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982). For the reasons stated below, we do not believe that the Secretary has sustained this burden.

In our view, the record does not support the vocational expert's opinion that Detrick has the intellectual capacity to perform most of the suggested jobs in a competitive market. The expert's opinion was based on the faulty assumption that Detrick had a twelfth-grade education. In fact, Detrick missed the seventh and eighth grades because of his disabilities. His teachers and his mother decided that it would be best for Detrick to move him to high school despite his lack of academic readiness. Detrick testified without contradiction that he can read a newspaper; he does not read books; he can write, but not well; he does not do his own taxes; and his mother helps him with his social security forms. It is a stretch of the imagination to

4

believe that he could perform all the duties of the listed jobs on a day-to-day basis with his limited educational background.  Without question, Detrick does not have the language development skills required to perform three of the four suggested jobs.[3]  Although

---

[3]For example, ticket sellers, information clerks, and addressers must possess the following language skills:

Reading:
> Read a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work.

Writing:
> Write reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech.

Speaking:
> Speak before an audience with poise, voice control, and confidence, using correct English and well-modulated voice.

U.S. Dep't of Labor, Dictionary of Occupational Titles ("DOT"), vol. 11, app. C at 1011 (4th ed. 1991); see also DOT § 211.467-030 (ticket seller); DOT § 237.367-022 (information clerk); DOT § 209.587-010 (addresser).

some doctors and therapists have opined that if Detrick were given the necessary educational training he might be able to perform white-collar work, none has been offered or provided. Thus, we cannot say there is substantial evidence on the record as a whole that Detrick has the intellectual capacity to perform substantially all of the listed work.

Although there is support in the record that Detrick has the intellectual capacity to work at least as an assembler, his physical limitations would prevent him from performing that type of work and most of the other suggested jobs as well. In response to a carefully-crafted hypothetical, the vocational expert said Detrick could work assuming: (1) he could extend his leg or use a stool while working, (2) his concentration would not be limited by pain or sleeplessness, and (3) he would be able to lie down for one hour during the work period. Even if an employer would be willing to accommodate Detrick by permitting him to use a stool at work, two formidable conditions remain that limit his ability to sustain employment in a competitive setting: the pain and sleeplessness that he endures and the requirement that he rest for one hour during the work day.

Detrick and his mother testified under oath that Detrick has pain in his left leg on a daily basis and that he lies down twice a day for about one hour because of the pain. His frequent knee infections sometimes require hospitalizations for months at a time, as was the case most recently in 1994. He has been diagnosed with osteoarthritis, and physicians have prescribed medication for both pain and to relieve his knee infections. The record is replete with evidence that Detrick has complained of pain to his physicians ever since a cancerous tumor was discovered and removed from his left knee. (See Jt. App. at 282-86, 303, 308, 313, 322, 326, 337, 339, 460, 474, and 837.) In 1993, an orthopedic specialist examined Detrick and reported:

> Mr. Detrick's physical condition will continue to deteriorate as life goes on. Specifically, he will have an increasing problem with pain in his left knee with resultant change in his gait which will affect his entire back. He also has an intolerance for anti-inflammatory medicines. He is currently young and able to put up with pain and is trying hard to work with his disability . . . . He doesn't have the stamina that a normal person would have.
>
> . . . .
>
> [T]his young man has a very unfortunate medical history with permanent, extensive damage to his left leg . . . [which] is essentially nonfunctional. This will have dire consequences in the future, particularly with accelerated arthritis in the left lower extremity. Also, because his left leg is shorter than the right[,] this will accelerate the degenerative process of his back so he will develop back pain that will tend to get worse with time.

7

(Jt. App. at 838.) Detrick's physical limitations make him unable to competitively perform the jobs to which the ALJ determined Detrick was suited.

In summary, the record does not support the view that Detrick has had earnings since January 1, 1986 sufficient to disqualify him for SSI benefits; his intellectual

capacity renders him unable to perform the duties of a ticket seller, an addresser, or an information clerk. Finally, his physical limitations make it impossible for him to perform the work as an assembler or in most of the other suggested jobs.  We remand to the district court with directions to remand to the Secretary to award SSI benefits to Detrick from January 1, 1986 to the present, excluding the period during which he received interim benefits, in an amount to be determined by the Secretary pursuant to the applicable regulations.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

9